IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

        Plaintiff,

v.                                                                CIV 09-00662 WJ/KBM

COURT SERVICES, INC. and
ALBERT PRESTON LONG,

        Defendants.


## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Compel *(Doc. 64)*.  Having carefully reviewed the parties' submissions and relevant authorities, I find the motion is not well taken and will be denied.

### BACKGROUND

Plaintiff served the Defendant Court Services, Inc. ("CSI") with her First Set of Interrogatories and Requests for Production of Documents on July 27, 2010.  CSI served the Plaintiff with its answers, responses, and objections on September 3, 2010.  Plaintiff did not file her Motion to Compel until December 15, 2010.  *Doc. 64*.  Defendant filed its response in opposition on December 29, 2010.  *Doc. 66*.  And Plaintiff filed her reply on January 21, 2011. *Doc. 67*.

In her Motion to Compel, Plaintiff seeks an order from the Court compelling CSI to answer in full her First Set of Interrogatories and Requests for Production of Documents.  In its response, Defendant argues that the Motion to Compel should be denied because Plaintiff's

counsel failed to comply with the local rules and the Federal Rules of Civil Procedure, cited no

legal authority, and because the arguments in the motion to compel fail on their merits.  In the

reply, Plaintiff's counsel merely states that he did not seek the concurrence of opposing counsel

prior to filing his motion because he presumed defense opposition.  Plaintiff's counsel further

states that he has been preoccupied with personal matters and, therefore, his failure to comply

with the local rules should be excused.

### ANALYSIS

Both FED. R. CIV. P. 37(a)(1) and D.N.M.LR-Civ. 7.1 require a party to give notice to the

other parties prior to moving for an order compelling disclosure or discovery.  The rules further

require that the motion include a certification or recitation that the movant has in good faith

conferred with the person or party failing to make disclosure or discovery.  *Id.*  "A motion that

omits recitation of a good-faith request for concurrence may be summarily denied."  D.N.M.LR-

Civ. 7.1(a).

Pursuant to D.N.M.LR-Civ. 26.6, a party served with objections to an interrogatory or

request for production, "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days

of service of an objection."  "Failure to proceed within this time period constitutes acceptance of

the objection."  *Id.*  Furthermore, when a motion to compel is filed, the rules provide that "a

response must be served and filed within fourteen (14) days after service of the motion."

D.N.M.LR-Civ. 7.4(a).  And "[a] reply must be served and filed within fourteen (14) days after

service of the response."  *Id.*  The rules do, however, provide some flexibility.  For example,

time periods for filing may be extended by agreement of all parties.  *See* FED. R. CIV. P. 6(b),

D.N.M.LR-Civ. 7.4(a).  But it is up to counsel needing the extension to make such a request.

Here, Plaintiff's counsel did not even notify opposing counsel that he was going to file a

2

motion to compel, did not seek concurrence to the motion, and did not include a certification that he conferred in good faith.  Having been served with Defendant's objections on September 3, 2010, Plaintiff's counsel should have filed his motion to compel no later than September 27, 2010.  Having filed the motion on December 15, 2010, Plaintiff's Motion to Compel was untimely.  Plaintiff's counsel was also untimely in filing his reply.  Furthermore, Plaintiff's counsel does not cite any legal authority in support of the positions he advances.  *See* D.N.M.LR-Civ. 7.3(a).

Plaintiff's counsel now asks the Court, after the fact, to extend the time limitations and treat his motion as timely filed.  I again point out that even after it was brought to counsel's attention that his motion was untimely and he had not followed the rules, he continued to disregard the rules and untimely filed his reply.  Simply excusing counsel from his blatant disregard for the rules, especially when his violations were ongoing, would be an injustice to all parties involved.

The rules of civil procedure exist for a reason and require compliance by all parties.  Plaintiff's counsel never requested an extension from opposing counsel or the Court.  Moreover, there are currently two attorneys representing Plaintiff.  Plaintiff's counsel has failed to comply with both the local and Federal Rules of Civil Procedure and has not shown good cause.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel *(Doc. 64)* is **DENIED**.


UNITED STATES MAGISTRATE JUDGE

3