**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MAGAN MARIE MAYS

       Plaintiff,

       vs.                                                 Civil No. 09-662 WJ/KBM

COURT SERVICES, INC., and
ALBERT PRESTON LONG,

       Defendants.[1]

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT**

THIS MATTER comes before the Court upon Plaintiff's Motion to File Third Amended Complaint, filed May 2, 2012 **(Doc. 109)**. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and is granted.

**BACKGROUND**

Plaintiff wishes to name CSI Extradition, LLC as an additional Defendant. The stated basis for the addition is that Court Services, Inc. (already a named Defendant) and CSI Extradition, LLC ("CSI Extradition"), is in fact a single business entity. Plaintiff's counsel recently took the deposition of Eric Kindley ("Kindley"), who is the President and CEO of Court Services, Inc. ("Court Services"). As a result of Kindley's deposition testimony, Plaintiff's counsel discovered that the status of Court Services as a Nevada corporation in good standing was suspended, and that Kindley had created CSI Extradition, LLC, which is a California limited

---

[1] Several Defendants initially named in the lawsuit have been dismissed. *See, e.g.,* Docs. 17 and 44.

liability company.[2]  Further inquiry by Plaintiff's counsel revealed intermingling of activities and assets between the two entities.  Plaintiff believes that further discovery will demonstrate that Kindley has been allowing Court Services, Inc. to assume all liability, while simultaneously leaving the bulk of the assets of his business under the auspices of CSI Extradition, LLC.  Thus, because the two entities are interchangeable, Plaintiff contends that both should be named as parties to this action.

### DISCUSSION

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part.  *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

The arguments raised by Defendant in opposition to the motion are not convincing.  Defendant contends that the motion is not timely, based on a July 1, 2010 deadline for amending the complaint set forth in the Joint Status Report.  *See* Doc. 24.  However, that deadline does not supersede Federal Rule of Civil Procedure 15(a)(2), which allows a party to seek leave of Court to amend the Complaint.

Also, contrary to Defendant's contention, Plaintiff has presented threshold evidence that Kindley was either ignoring the corporate structure of the separate entities, or using them interchangeably.  In his deposition (Doc. 118-1), Kindley acknowledged that Court Services and

---

[2] According to the Kindley's deposition testimony, Kindley never paid the fees in order for Court Services, Inc. to be reinstated.   Doc. 118-1.

CSI Extradition have the same address, telephone number, facsimile number, and that he is the principle for both entities.  He acknowledged that he has entered into at least one contract with Nye County, Nevada which predates the incident which is the subject matter of this lawsuit, where it identifies his extradition company as both CSI Extradition, LLC and Court Services, Inc. in the same document.   He also stated that the five extradition agents that he currently employs work interchangeably between the corporation and the limited liability company (Kindley Depo p. 134, lines 4-25).  The same process payment center services both Court Services and CSI Extradition.  Doc. 118-2.

In addition, Plaintiff counsel asserts that the "shell game" being played by Kindley is preventing Plaintiff from obtaining meaningful discovery in this case.  Kindley can disavow knowledge or possession of certain documents and material which Court Services may not have, but which may nevertheless be in the hands of CSI Extradition.  This kind of stonewalling vitiates any argument based on standing which Defendant has suggested.

Finally, there is no prejudice to Defendant in allowing the amendment to add CSI Extradition as a party.  Despite the fact that this is a chronologically old case, discovery has not ended.  In fact, the most recent request for an extension of the discovery deadline has been requested by Defendant, *see* Docket Text Entry, April 17, 2012, Defendant cannot now argue that a delay would be prejudicial.  The reason behind the request to amend was not apparent until Kindley's deposition of April 26, 2012, and denying the request would not only contravene the purpose of discovery, but also allow Defendant—if there is any stonewalling going on—to reap benefits of such conduct.  Accordingly, the liberal standard behind Fed.R.Civ.P. 15 would allow the amendment, and the Court GRANTS Plaintiff's motion.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

3