IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

    Plaintiff,

vs.                                                                         Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.;
CSI EXTRADITION, LLC; and
ALBERT PRESTON LONG,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff's Motion for Default Judgment and her memorandum brief in support. (Docs. 127 and 128). Defendant Court Services, Inc. (CSI) filed a notice of opposition to Plaintiff's Motion for Default Judgment as well as a response. (Docs. 130 and 135). Plaintiff did not file a reply. Having reviewed Plaintiff's Motion for Default Judgment, the accompanying briefs, and CSI's notice of opposition, the Court determines that Plaintiff's Motion for Default Judgment will be denied without prejudice.

A. Background

       *1. Plaintiff's Complaints*

       On July 8, 2009, Plaintiff filed a civil rights complaint against CSI (a prisoner transportation company), CSI employee Albert Preston Long, and others for damages arising from Long's unlawful treatment of Plaintiff, a prisoner in Long's custody, in transporting her from Tennessee to New Mexico. (Doc. 1). Plaintiff brought 42 U.S.C. § 1983 claims and New Mexico Tort Claims Act (NMTCA) claims against all of the Defendants for alleged unlawful assault and battery, invasion of privacy, intentional infliction of emotional distress, and false

imprisonment. *Id.* at ¶¶ 53-72. Plaintiff also brought an NMTCA negligence claim against all of the Defendants. *Id.* at ¶¶ 73-76. Plaintiff served the complaint and summons on Long on April 12, 2010, but Long did not answer the complaint. (Doc. 23).

Plaintiff subsequently filed a first amended complaint on August 26, 2010. (Doc. 54). In that complaint, Plaintiff brought Section 1983 claims against CSI for violations of the Eighth and Fourteenth Amendments. *Id.* at ¶¶ 10-16. Plaintiff also brought state battery and intentional infliction of emotional distress claims against Long. *Id.* at ¶¶ 17-24. In addition, Plaintiff brought state negligence and negligence *per se* claims against CSI. *Id.* at ¶¶ 25-39. Plaintiff did not serve the first amended complaint on Long.

On September 13, 2011, Plaintiff filed a second amended complaint. (Doc. 89). Plaintiff eliminated the state battery claim against Long, but added a state false imprisonment claim against both CSI and Long. *See id.* at ¶¶ 36-39. Plaintiff also did not serve the second amended complaint on Long.

On June 5, 2012, Plaintiff filed a third amended complaint in which she added CSI Extradition, LLC as a Defendant, which she included in the claims against CSI. Additionally, Plaintiff added a declaratory judgment count seeking a declaration that CSI and CSI Extradition, LLC are a single entity liable for Plaintiff's damages. (Doc. 123) at 3. Plaintiff further amended the state false imprisonment claim to include CSI Extradition, LLC. *Id.* at ¶¶ 42-45. Plaintiff did not serve the third amended complaint on Long.

*2. The Clerk's Entry of Default*

On June 11, 2012, Plaintiff filed a Request for Clerk's Entry of Default for the Clerk to enter a default judgment against Long for his "failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure." (Doc. 124) at 1. Plaintiff also filed an

Affidavit of Non-Military Service and in Support of Request for Clerk's Entry of Default in which Plaintiff noted that Long did not "plead or otherwise defend" the original complaint. (Doc. 125) at 1. The next day, the Clerk entered a Clerk's Entry of Default against Long. (Doc. 126).

*B. Discussion*

Plaintiff moves for a default judgment against Long on the false imprisonment claim raised in the third amended complaint as well as for an ensuing damages hearing. (Doc. 127) at 1. As a preliminary matter, CSI notes that Plaintiff failed to comply with D.N.M. LR-Cv 7.1(a) by not determining whether CSI opposed Plaintiff's Motion for Default Judgment prior to filing that motion. *See* Local Rule 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). The Court admonishes Plaintiff to follow Local Rule 7.1(a) in filing all future motions or else Plaintiff will face appropriate sanctions for violating Local Rule 7.1(a). However, in the interests of justice, the Court will, nonetheless, address the merits of Plaintiff's Motion for Default Judgment.

CSI notes that Plaintiff did not serve the third amended complaint on Long. Federal Rule of Civil Procedure 5(a)(2) provides: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Here, Plaintiff pled the false imprisonment claim against Long in the original complaint and the second amended complaint. Since the false imprisonment claim against Long is obviously not a new claim for relief and Long clearly has not appeared in this case, Plaintiff was not required to serve the third amended complaint on Long.

Next, CSI argues primarily that since it is unclear from the third amended complaint whether Plaintiff brings the false imprisonment claim directly against CSI or under a theory of vicarious liability, *respondeat superior,* or joint and several liability, entry of a default judgment against Long now could later affect CSI's liability or lead to inconsistent judgments as to each Defendant.  CSI relies on *Frow v. De La Vega*, 82 U.S. 552 (1872) to support this argument. The Tenth Circuit summarized *Frow* as follows:

> According to the rule announced in the venerable case of *Frow v. De La Vega,* 82 U.S. 552, 554 (1872), in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants. If the case is ultimately decided against the plaintiff on the merits, however, it should "be dismissed as to all the defendants alike-the defaulter as well as the others." *Id.* This circuit has recognized and applied the *Frow* rule.

*Wilcox v. Raintree Inns of America, Inc.*, 1996 WL 48857 *2 (10th Cir.) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147-48 (10th Cir. 1985)).  The Tenth Circuit further explained that *Frow* applies where defendants are jointly and severally liable as well as in cases where the "multiple defendants have closely related defenses."  *Id.* at *3.  Other courts have also held that *Frow* applies to "similarly situated" defendants.  *See, e.g., Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 583 (E.D. Va. 2000). The rationale for the *Frow* rule is to prevent inconsistent judgments.  *Wilcox*, 1996 WL 48857 at *3.  For example, "[a] logically inconsistent judgment may result when …of two 'similarly situated' defendants, one defendant successfully defends on the merits and the other defendant suffers a default judgment in the same action."  *Dmitriev v. Parandeh*, 2012 WL 628594 *3 (E.D. Va. 2012).  That situation could happen in this case if CSI is determined not to be liable for false imprisonment because the facts do not support a false imprisonment claim while Long has suffered a default judgment based on

4

the same factual situation.[1]  The Court, therefore, concludes, that Plaintiff's Motion for Default Judgment will be denied at this time without prejudice.

    IT IS ORDERED that Plaintiff's Motion for Default (Doc. 127) is denied without prejudice.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE

---

[1] The Court finds that it is tellingly that Plaintiff did not reply to CSI's arguments against entering a default judgment against Long.