IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

     Plaintiff,

vs.                                                                  Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.;
CSI EXTRADITION, LLC; and
ALBERT PRESTON LONG,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court on (1) Defendant CSI Extraction [sic] LLC's Motion for Partial Summary Judgment on Plaintiff's Direct Claim Against it for False Imprisonment; (2) Defendant CSI Extraction [sic] LLC's Motion for Summary Judgment on Plaintiff's Claim for Negligent Hiring, Retention, and Supervision; and (3) Defendant CSI Extraction [sic] Inc.'s [sic] Motion for Summary Judgment on Plaintiff's Claim for Vicarious Liability.  (Docs. 158, 159, and 160).  Because these motions for summary judgment raise the same issues and arguments, the Court will address the motions for summary judgment collectively.  In fact, Plaintiff filed one response to the motions for summary judgment and Defendant CSI Extradition, LLC (CSI Extradition) filed one reply.  (Docs. 168 and 173).  Having considered the motions for summary judgment, the accompanying briefs, and exhibits, the Court grants the motions for summary judgment.

A.    *Plaintiff's Third Amended Complaint for Declaratory Judgment and Damages (Third Amended Complaint) (Doc. 123)*

This is a civil rights complaint based on the assault and false imprisonment of Plaintiff by Defendant Albert Preston Long.[1]  In January 2009, Plaintiff was being held at a Tennessee detention center on an outstanding warrant from Lincoln County, New Mexico.  (Doc. 123) at ¶ 7.  The Lincoln County Sheriff contracted with Defendant CSI, Inc. (CSI), a Nevada corporation which was authorized to do business in California, to transport Plaintiff from Tennessee to New Mexico.  *Id.* at ¶¶ 2 and 8.  CSI assigned its employee, Long, to transport Plaintiff to New Mexico.  *Id.* at ¶ 9.  *See also* (Doc. 164-1) at 29 (Long operating under authority of CSI).  Long picked up Plaintiff in Tennessee in a vehicle owned and operated by CSI.  (Doc. 123) at ¶ 10. *See also* (Doc. 164-1) at 1 (CSI owned vehicles used by employees).  Long, thereafter, failed to secure Plaintiff in correctional facilities at night, as is the normal procedure, and instead took Plaintiff to hotels in Kentucky where he "threatened, battered and raped her."  (Doc. 123) at ¶ 11. *See also* (Doc. 152-3) at 5 (incident in Kentucky); (Doc. 152-4) at 3 (incident in Kentucky).

In addition to suing Long and CSI, Plaintiff is suing CSI Extradition, a California limited liability company with its principal place of business in California.  (Doc. 123) at ¶ 3.  Plaintiff alleges that CSI Extradition and CSI are a single business entity.  *Id.* at ¶ 13.  Plaintiff also refers to CSI Extradition and CSI, collectively, as "CSI" in her Third Amended Complaint.  (Doc. 123) at ¶ 4. The Court, therefore, construes Plaintiff's claims against "CSI" to be brought against both CSI Extradition and CSI.

Plaintiff invokes this Court's diversity jurisdiction in pleading the following five counts in her Third Amended Complaint.  *See id.* at ¶ 6.  In Count I, Plaintiff requests a declaratory

---

[1] The Clerk of the Court entered a default against Defendant Long on June 12, 2012.  (Doc. 126). On August 19, 2014, the Court denied Plaintiff's Motion for Default Judgment without prejudice.  (Doc. 177).

judgment determining that CSI Extradition and CSI are a single enterprise liable for Plaintiff's

damages.  In Count II, Plaintiff alleges that CSI Extradition and CSI violated her Eighth and

Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983.  In Count III, Plaintiff

maintains that Long intentionally inflicted emotional distress on Plaintiff.  In Count IV, Plaintiff

contends that CSI Extradition and CSI negligently hired, retained, and supervised Long.  In

Count V, Plaintiff alleges that CSI Extradition and CSI are negligent *per se.*  In Count VI,

Plaintiff asserts that all three Defendants falsely imprisoned Plaintiff.

*B.  Undisputed Material Facts*

Eric Kindley and Marco Rossi both own CSI, which was incorporated in 2002. (Doc.

164-1) at 5 and 61.  Kindley, however, is the senior agent or director of CSI as well as CSI's

registered agent.  *Id.* at 1 and 6.  As the director of CSI, Kindley controls his employees through

the hiring and firing of employees as well as the imposition of strict supervision.  *Id.* at 31, 51.

CSI also owns the vehicles driven by CSI's employees, and Kindley wires money to his

employees for daily expenses.  *Id.* at 1-2.  Sometime after the incidents at issue, the State of

Nevada revoked CSI's corporate charter.  *Id.* at 3 (CSI did not pay its last annual corporate fee

due on January 31, 2009).  Moreover, the State of California revoked CSI's right to do business.

*Id.* at 4.

Kindley also created CSI Extradition in 2006.  *Id.* at 10.  Kindley is the sole owner of CSI

Extradition as well as the registered agent.  *Id.* at 10, 61-62.  Both CSI and CSI Extradition have

the same business address in California and they share a website.  *Id.* at 10 and 32.  Moreover,

both CSI Extradition and CSI send their payments to the same payment processing center.  *Id.* at

60.

Kindley initially created CSI Extradition to conduct transports only in the State of California. *Id.* at 10. However, it appears that, as early as 2008, CSI Extradition contracted with Nye County, Nevada to provide extradition services. *Id.* at 12. That contract states that checks are payable to CSI, and the contract, at some point, refers to CSI. *Id.* at 14. Furthermore, some contracts for extradition services were with CSI Extradition while other contracts were with CSI. *Id.* Currently, Kindley is the sole employee of CSI Extradition, but Kindley sometimes contracts with CSI to provide employees to help on Nye County extraditions. *Id.* at 62.

*C.  The Motions for Summary Judgment*

CSI Extradition argues first that the undisputed material facts do not support a declaratory judgment under Count I. Second, CSI Extradition contends that since Section 1983 does not permit use of vicarious liability, CSI Extradition is entitled to summary judgment on Count II. Third, CSI Extradition asserts that the undisputed material facts show that it cannot be vicariously liable for Long's actions. Accordingly, CSI Extradition concludes that it is entitled to summary judgment on the remaining state tort claims in Counts IV, V, and VI. Plaintiff opposes the motions for summary judgment.

*D.  Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp.*

---

[2]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

*v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

*E.  Discussion*

   *1.  Choice of Law*

Because Plaintiff brings this lawsuit under diversity jurisdiction, the Court must apply the choice of law rules of the forum state, New Mexico.  *See BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999).  In New Mexico, courts apply "the law of the state in which the wrongful conduct occurred."  *Torres v. State*, 1995-NMSC-025 ¶ 13, 119 N.M. 609.  "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'"  *Id.* (citation omitted).  Courts will not use this rule, however, if its application would violate New Mexico public policy.  *Id.*

In this case, the incidents at issue occurred in Kentucky, so the law of Kentucky should apply.  Also, application of Kentucky law will not violate any New Mexico public policy. Consequently, the Court will apply Kentucky law to the state law claims.

   *2.  Count I:  The Declaratory Judgment Claim*

Like most jurisdictions, Kentucky courts do "not pierce corporate veils lightly…."  *Inter-*

*Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 168 (Ky. 2012).  In Kentucky, for entities to be alter egos of each other, as Plaintiff claims here, the plaintiff must meet two elements:  "(1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice."  *Id.* at 165.  In analyzing the first element, Kentucky emphasizes the following equitable factors:  "egregious failure to observe legal formalities and disregard of distinctions between parent and subsidiary, and a high degree of control by the parent over the subsidiary's operations and decisions, particularly those of a day-to-day nature." *Id.* at 164 (internal quotation marks and citation omitted).  Other factors include whether the entities have common directors and whether one entity finances the other entity. *Id.* at 163.  The second element's reference to injustice denotes "some wrong beyond the creditor's mere inability to collect from the corporate debtor."  *Id.* at 164. "[E]xamples of injustice include where 'a party would be unjustly enriched; [where] a parent corporation that caused a sub's liabilities and its inability to pay for them would escape those liabilities; or an intentional scheme to squirrel assets into a liability-free corporation while heaping liabilities upon an asset-free corporation would be successful.'"  *Id.* (quoting *Sea-Land Services, Inc. v. Pepper Source*, 941 F.2d 519, 524 (7th Cir. 1991)).

It is undisputed that Kindley is a director of CSI as well as the sole owner of CSI Extradition. The undisputed evidence also shows that CSI Extradition and CSI share a website. However, there is no indication in the evidence that the website does not distinguish between CSI Extradition and CSI.  Kindley simply confirmed during his deposition that the website was "for all of [his] transportation business…."  *See* (Doc. 164-1) at 32.  Also, undisputed evidence that CSI Extradition and CSI share a registered agent, share a business address, and send their

payments to the same payment processing center does not necessarily indicate a failure to distinguish between the entities or that CSI Extradition exercises a "high degree" of control over CSI. Moreover, it is undisputed that CSI Extradition does not control the day-to-day operations of CSI and the employees of each entity are kept separate. For example, CSI supervises its own employees, pays for their daily expenses, and pays for their vehicles. When CSI employees work for CSI Extradition, they do so as contract employees. Additionally, the fact that CSI is apparently doing business without the authority to do so is not relevant to whether CSI Extradition dominates CSI. Finally, Plaintiff brings forth only one example of a CSI Extradition contract which seems to disregard the distinction between CSI Extradition and CSI as well as to finance CSI. This one contract hardly constitutes an "egregious failure to observe legal formalities and disregard" the distinctions between CSI Extradition and CSI. Emphasis added. Viewing the entirety of the evidence in the light most favorable to Plaintiff, a reasonable jury could not find that CSI Extradition dominates CSI to the extent that the two entities are not separate.

Even if Plaintiff had produced sufficient evidence to demonstrate that CSI Extradition and CSI are not separate entities, Plaintiff must show that continued recognition of CSI Extradition and CSI as separate entities "would sanction fraud or promote injustice." Plaintiff addresses this second element by simply arguing that Kindley "started using CSI Extractions [sic] simply because of this lawsuit." (Doc. 168) at 10. Notably, Kindley created CSI Extradition in 2006, well before Plaintiff filed this lawsuit in 2009. In addition, Plaintiff's argument does not assert a fraud or "some wrong" beyond Plaintiff's "mere inability to collect" from CSI. Plaintiff's argument does not reflect any of the examples of an injustice described, *supra*. Consequently, a reasonable jury viewing the evidence in the light most favorable to

Plaintiff could not find that a continued recognition of CSI Extradition and CSI as a separate entities "would sanction fraud or promote injustice."  Accordingly, CSI Extradition is entitled to summary judgment on the Count I declaratory judgment claim.

Since CSI Extradition is entitled to summary judgment on Count I, Count I is no longer viable with respect to CSI.  Hence, the Court will also grant summary judgment in favor of CSI on Count I and will dismiss Count I with prejudice, in its entirety.  Furthermore, there being no determination that CSI Extradition and CSI are a single entity, the Court construes the remaining claims as alleging only vicarious liability on the part of CSI Extradition.

   *3.  Count II:  The Section 1983 Claims*

CSI Extradition correctly argues that Plaintiff cannot assert vicarious liability against it under Section 1983.  *See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Plaintiff does not contest this argument.  CSI Extradition is, therefore, entitled to summary judgment, as a matter of law, on the Count II Section 1983 claims.

   *4.  Counts IV, V, and VI:  The State Tort Claims*

Finally, CSI Extradition argues that it cannot be vicariously liable for the tortious acts of CSI employee Long because it did control Long's employment.  *See Brooks v. Grams, Inc.*, 289 S.W.3d 208, 211-12 (Ky. App. 2008) (principal is strictly liable for tortious acts of its agent when the principal has right to control acts of agent).  Plaintiff also does not contest this argument.  Because Plaintiff does not dispute that CSI Extradition did not control Long's employment, CSI Extradition cannot, as a matter of law, be vicariously liable for Long's actions. In addition, as discussed, *supra*, Plaintiff has not produced sufficient evidence to show that CSI Extradition controlled the actions of CSI.  CSI Extradition, therefore, cannot be vicariously liable for CSI's alleged commission of state torts.  For all of the above reasons, CSI Extradition is

entitled to summary judgment on Counts IV, V, and VI.

IT IS ORDERED that:

1.  Defendant CSI Extraction [sic] LLC's Motion for Partial Summary Judgment on Plaintiff's Direct Claim Against it for False Imprisonment (Doc. 158) is granted;

2.  Defendant CSI Extraction [sic] LLC's Motion for Summary Judgment on Plaintiff's Claim for Negligent Hiring, Retention, and Supervision (Doc. 159) is granted;

3.  Defendant CSI Extraction [sic] Inc.'s [sic] Motion for Summary Judgment on Plaintiff's Claim for Vicarious Liability (Doc. 160) is granted;

4.  the Court will enter summary judgment in favor of CSI Extradition and CSI on Count I;

5.  Count I will be dismissed with prejudice in its entirety;

6.  the Court will enter summary judgment in favor of CSI Extradition on Counts II, IV, V, and VI; and

7.  Counts II, IV, V, and VI will be dismissed with prejudice as to CSI Extradition.

UNITED STATES DISTRICT JUDGE

9