IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

     Plaintiff,

vs.                                          Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.; and
ALBERT PRESTON LONG,

     Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Court Services, Inc.'s Motion for

Summary Judgment on Plaintiff's Claim for Vicarious Liability (Motion for Summary

Judgment).  (Doc. 152).   Plaintiff filed a response to the Motion for Summary Judgment and

Defendant Court Services, Inc. (CSI) filed a reply.  (Docs. 163 and 170).  Having considered the

Motion for Summary Judgment, the accompanying briefs, and exhibits, the Court grants the

Motion for Summary Judgment in part.

A.  *Plaintiff's Third Amended Complaint for Declaratory Judgment and Damages (Third*
    *Amended Complaint) (Doc. 123) and Undisputed Material Facts*

This is a civil rights complaint based on the assault and false imprisonment of Plaintiff by

Defendant Albert Preston Long.[1]  In January 2009, Plaintiff was being held at a Tennessee

detention center on an outstanding warrant from Lincoln County, New Mexico.  (Doc. 123) at ¶

7.  The Lincoln County Sheriff contracted with Defendant CSI, Inc. (CSI), a Nevada corporation

which was authorized to do business in California, to transport Plaintiff from Tennessee to New

---

[1] The Clerk of the Court entered a default against Defendant Long on June 12, 2012.  (Doc. 126).
On August 19, 2014, the Court denied Plaintiff's Motion for Default Judgment without
prejudice.  (Doc. 177).

Mexico.  *Id.* at ¶¶ 2 and 8.  CSI assigned its employee, Long, to transport Plaintiff to New

Mexico.  *Id.* at ¶ 9.  *See also* (Doc. 163-1) at 29 (Long operated under authority of CSI).  Long

picked up Plaintiff in Tennessee in a vehicle owned and operated by CSI.  (Doc. 123) at ¶ 10.

*See also* (Doc. 163-1) at 1 (CSI owned vehicles used by employees).  Long, thereafter, failed to

secure Plaintiff in correctional facilities at night, as is the normal procedure, and instead took

Plaintiff to hotels in Kentucky where he "threatened, battered and raped her."  (Doc. 123) at ¶ 11.

*See also* (Doc. 152-3) at 5 (incident in Kentucky); (Doc. 152-4) at 3 (incident in Kentucky).

After learning of Long's actions, CSI terminated Long's employment.  (Doc. 152-1) at 6.

CSI later discovered that Long had been convicted of complicity and robbery at the time CSI

hired him.  *Id.* at 3; (Doc. 152-2) at 3.  Long was also apparently charged at some point with two

offenses of having a weapon under a disability.  (Doc. 152-2) at 2-3.

Plaintiff invokes this Court's diversity jurisdiction in pleading the remaining five counts

in her Third Amended Complaint.[2]  (Doc. 123) at ¶ 6.  In Count II, Plaintiff alleges that CSI

violated her Eighth and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983.  In

Count III, Plaintiff maintains that Long intentionally inflicted emotional distress on Plaintiff.  In

Count IV, Plaintiff contends that CSI negligently hired, retained, and supervised Long.  In Count

V, Plaintiff alleges that CSI is negligent *per se.*  In Count VI, Plaintiff asserts that CSI and Long

falsely imprisoned Plaintiff.

### B.  The Motion for Summary Judgment

CSI argues that it is entitled to summary judgment on claims of vicarious liability brought

under Counts II and VI.  Plaintiff states, however, that she is not making a claim against CSI for

vicarious liability under Count II.  (Doc. 163) at 9.  Consequently, the Court will deny CSI's

---

[2] On September 2, 2014, the Court dismissed all of Plaintiff's claims against Defendant CSI
Extradition, LLC and dismissed Count I in its entirety.  *See* (Doc. 181).

request for entry of summary judgment on that claim.  Plaintiff, on the other hand, contests CSI's

contention that it is entitled to summary judgment on the vicarious liability claim brought under

Count VI.

## C.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to a material fact and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When

applying this standard, the Court examines the factual record and reasonable inferences

therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics*

*Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party

bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come

forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc.*

*v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a

reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212

(10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by

resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939

F.2d at 891.

## D.  Discussion

### 1.  Choice of Law

Because Plaintiff brings this lawsuit under diversity jurisdiction, the Court must apply the

choice of law rules of the forum state, New Mexico.  *See BancOklahoma Mortgage Corp. v.*

*Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999).  In New Mexico, courts apply "the

---

[3]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

law of the state in which the wrongful conduct occurred." *Torres v. State*, 1995-NMSC-025 ¶ 13, 119 N.M. 609. "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'" *Id.* (citation omitted). Courts will not use this rule, however, if its application would violate New Mexico public policy. *Id.*

In this case, the incidents at issue occurred in Kentucky, so the law of Kentucky should apply. Also, application of Kentucky law will not violate any New Mexico public policy. Consequently, the Court will apply Kentucky law to the state law claims.

2. *Count VI: Vicarious Liability for Long's False Imprisonment of Plaintiff*

In Kentucky, an employer is vicariously liable for the tortious acts of its employee when those acts occur within the scope of the employment. *Patterson v. Blair*, 172 S.W.3d 361, 366 (Ky. 2005). Scope of employment exists when the employee intends for his actions "to further the employer's business or advance the employer's goal." *Id.* This rule "depends on the employee's motivation in acting, not on whether his or her action is foreseeable." *Id*. at 367. In other words, if an employee "acts from purely personal motives … which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment, and the [employer] is not liable." *Id*. at 369 (internal quotation marks and citation omitted). For instance, an employer is not ordinarily vicariously liable for an employee's intentional tort when that employee is motivated "solely by a desire to satisfy the employee's sexual proclivities." *Id*. (internal quotation marks and citation omitted). Moreover, whether an employee committed "a crime, especially if the crime is of some magnitude, should be considered in determining whether or not the act is within the scope of employment." *Id*. at 370 (internal quotation marks and citation omitted). Additionally, if the employee's conduct "is

unprovoked, highly unusual, and quite outrageous," that conduct could "indicate that the motive was a purely personal one…." *Id*. at 371 (internal quotation marks and citation omitted).

CSI argues convincingly that Long's sexual assault and alleged false imprisonment of Plaintiff were not motivated by a desire to advance the goals of CSI, i.e., to safely transport prisoners.  A reasonable jury viewing the evidence in the light most favorable to Plaintiff could find that Long clearly acted out of a personal motivation to satisfy his sexual proclivities and committed a crime of "some magnitude" which was unprovoked and "quite outrageous." Plaintiff, nevertheless, makes two arguments in favor of denying summary judgment on the Count VI vicarious liability claim.

First, Plaintiff contends that CSI "ignore[s] the fact that it negligently selected, supervised and controlled its agent, Long."  (Doc. 163) at 7.  The Court, however, notes that Plaintiff raised a separate negligent hiring, retention, and supervision claim in Count IV and that CSI filed a motion for summary judgment with respect to that particular claim.  *See* (Doc. 154). The Court will reserve ruling on the issue relating to the negligent hiring, retention, and supervision claim until it addresses CSI's motion for summary judgment.  Moreover, a negligent hiring and retention claim differs significantly from a vicarious liability claim.  *See Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 732 (Ky. 2009).  Under vicarious liability, "an employer is strictly liable for the act, while under the theory of negligent hiring/retention, the employer's liability may only be predicated upon its own negligence in failing to exercise reasonable care in the selection or retention of its employees." *Id.*  Plaintiff's first argument is, therefore, simply not relevant to the vicarious liability issue at hand.

Second, Plaintiff cites *Ten Broeck Dupont, Inc.*, wherein the Kentucky Supreme Court quotes the following from *O'Roark v. Gergley*, 497 S.W.2d 931 (Ky. 1973):  "when an employe

[sic] steps outside the scope of his duties and indulges in some act of a personal nature his employer will not be held responsible in the absence of reasonable forewarning." 283 S.W.3d at 733. Plaintiff argues that "it is a jury question whether or not CSI had reasonable forewarning because it should have known about Long's previous violent criminal acts." (Doc. 163) at 9. A forewarning, whether reasonable or not, is defined as "[a] warning beforehand." *See* "forewarning," *Oxford English Dictionary Online*, 2014 (26 Aug. 2014). Here, the undisputed facts show that CSI was not warned beforehand of Long's propensity to sexually assault women. Additionally, the Kentucky courts have rejected vicarious liability assessments based on employer foreseeability. *Patterson*, 172 S.W.3d at 369. Consequently, this second argument fails as well. In sum, a reasonable jury considering the evidence in the light most favorable to Plaintiff could not find that CSI is vicariously liable for Long's false imprisonment of Plaintiff. CSI is, therefore, entitled to summary judgment on any vicarious liability claim arising from Count VI.

IT IS ORDERED that

1. Defendant Court Services, Inc.'s Motion for Summary Judgment on Plaintiff's Claim for Vicarious Liability (Doc. 152) is granted in part;

2. summary judgment is denied with respect to any vicarious liability claim arising from Count II;

3. summary judgment will be entered in favor of CSI on the vicarious liability claim arising from Count VI; and

4. that claim will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE