IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

    Plaintiff,

vs.                                                        Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.; and
ALBERT PRESTON LONG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Court Services, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Direct Claim Against it for False Imprisonment (Motion for Partial Summary Judgment). (Doc. 155). Plaintiff filed a response and Defendant Court Services, Inc. (CSI) filed a reply. (Docs. 166 and 172). Having reviewed the Motion for Partial Summary Judgment, the accompanying briefs, and the evidence of record, the Court grants the Motion for Partial Summary Judgment.

A. *Plaintiff's Third Amended Complaint for Declaratory Judgment and Damages (Third Amended Complaint) (Doc. 123) and Undisputed Material Facts*

This is a civil rights complaint based on the assault and false imprisonment of Plaintiff by Defendant Albert Preston Long.[1] In January 2009, Plaintiff was being held at a Tennessee detention center on an outstanding warrant from Lincoln County, New Mexico. (Doc. 123) at ¶ 7. The Lincoln County Sheriff contracted with Defendant CSI, Inc. (CSI), a Nevada corporation which was authorized to do business in California, to transport Plaintiff from Tennessee to New

---

[1] The Clerk of the Court entered a default against Defendant Long on June 12, 2012. (Doc. 126). On August 19, 2014, the Court denied Plaintiff's Motion for Default Judgment without prejudice. (Doc. 177).

Mexico. *Id.* at ¶¶ 2 and 8. CSI assigned its employee, Long, to transport Plaintiff to New Mexico. *Id.* at ¶ 9. *See also* (Doc. 163-1) at 29 (Long operated under authority of CSI). Long picked up Plaintiff in Tennessee in a vehicle owned and operated by CSI. (Doc. 123) at ¶ 10. *See also* (Doc. 163-1) at 1 (CSI owned vehicles used by employees). Long, thereafter, failed to secure Plaintiff in correctional facilities at night, as is the normal procedure, and instead took Plaintiff to hotels in Kentucky where he "threatened, battered and raped her." (Doc. 123) at ¶ 11. *See also* (Doc. 152-3) at 5 (incident in Kentucky); (Doc. 152-4) at 3 (incident in Kentucky).

After learning of Long's actions, CSI terminated Long's employment. (Doc. 152-1) at 6. CSI later discovered that Long had been convicted of complicity and robbery at the time CSI hired him. *Id.* at 3; (Doc. 152-2) at 3. Long was also apparently charged at some point with two offenses of having a weapon under a disability. (Doc. 152-2) at 2-3.

Plaintiff invokes this Court's diversity jurisdiction in pleading the remaining five counts in her Third Amended Complaint.[2] (Doc. 123) at ¶ 6. In Count II, Plaintiff alleges that CSI violated her Eighth and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983. In Count III, Plaintiff maintains that Long intentionally inflicted emotional distress on Plaintiff. In Count IV, Plaintiff contends that CSI negligently hired, retained, and supervised Long. In Count V, Plaintiff alleges that CSI is negligent *per se*. In Count VI, Plaintiff asserts that Long falsely imprisoned Plaintiff and that CSI is directly liable for that false imprisonment.

---

[2] On September 2, 2014, the Court dismissed all of Plaintiff's claims against Defendant CSI Extradition, LLC and dismissed Count I in its entirety. (Doc. 181). On September 4, 2014, the Court also dismissed any vicarious liability claim against CSI arising from Count VI. (Doc. 183).

B.  *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  *Discussion*

1.  *Choice of Law*

Because Plaintiff brings this lawsuit under diversity jurisdiction, the Court must apply the choice of law rules of the forum state, New Mexico.  *See BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999).  In New Mexico, courts apply "the law of the state in which the wrongful conduct occurred." *Torres v. State*, 1995-NMSC-025 ¶

---

[3] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

13, 119 N.M. 609. "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'" *Id.* (citation omitted). Courts will not use this rule, however, if its application would violate New Mexico public policy. *Id.*

In this case, the incidents at issue occurred in Kentucky, so the law of Kentucky should apply. Also, application of Kentucky law will not violate any New Mexico public policy. Consequently, the Court will apply Kentucky law to the state law claims.

> 2. *Count VI: The Direct Liability Claim Against CSI for Long's False Imprisonment of Plaintiff*

Because CSI is a corporation, CSI can only act through its agents or employees. *Caretenders, Inc. v. Commonwealth of Ky.*, 821 S.W.2d 83, 86 (Ky. 1991). CSI, therefore, cites *The Restatement (Third) of Agency* § 7.03(1) (2006) to support its argument that it is entitled to summary judgment on the direct liability claim arising from the Count VI false imprisonment claim. Section 7.03(1) states:

> (1) A principal is subject to direct liability to a third party harmed by an agent's conduct when
>
> > (a) as stated in § 7.04, the agent acts with actual authority or the principal ratifies the agent's conduct and
> >
> > > (i) the agent's conduct is tortious, or
> > >
> > > (ii) the agent's conduct, if that of the principal, would subject the principal to tort liability; or
> >
> > (b) as stated in § 7.05, the principal is negligent in selecting, supervising, or otherwise controlling the agent; or
> >
> > (c) as stated in § 7.06, the principal delegates performance of a duty to use care to protect other persons or their property to an agent who fails to perform the duty.

CSI argues that the undisputed material facts show that direct liability for the false imprisonment claim would not attach under Section 7.03(1)(a). Plaintiff agrees that Section 7.03(1)(a) is not

4

applicable to this case. (Doc. 166) at 7. Plaintiff asserts, however, that CSI is directly liable for the false imprisonment claim under Section 7.03(1)(b) as well as under Kentucky case law for negligently hiring, retaining, and supervising Long. Plaintiff also argues that CSI is directly liable for the false imprisonment claim under Section 7.03(1)(c) because "Kindley delegated the care of Plaintiff to Long…." (Doc. 166) at 8.

With respect to Section 7.03(1)(b) and Kentucky case law, Plaintiff has already raised a negligent hiring, retention, and supervision claim in Count IV. In fact, the negligent hiring, retention, and supervision claim is the subject of another motion for summary judgment filed by CSI. *See* (Doc. 154). The Court will address the negligent hiring, retention, and supervision claim when it considers that motion for summary judgment.

Although Plaintiff also contends that CSI is directly liable for the false imprisonment claim under Section 7.03(1)(c), Plaintiff does not provide any argument to support that contention nor does she demonstrate that Kentucky has adopted Section 7.03(1)(c). On the other hand, the Kentucky Supreme Court has explicitly held that "when the principal is under a duty to provide protection for or to have care used to protect others and confides that duty to a servant or other person who causes harm to them by failing to perform that duty, <u>vicarious liability attaches</u>…." *Williams v. Kentucky Dept. of Education*, 113 S.W.3d 145, 151 (Ky. 2003) (emphasis added). Applying that holding here and assuming for the sake of argument that Kindley delegated CSI's duty to protect Plaintiff to Long, CSI could not, as a matter of law, be directly liable for Long's false imprisonment of Plaintiff. Hence, CSI is entitled to summary judgment on the direct liability claim arising from Count VI, the only remaining claim against CSI under Count VI. The Court will, therefore, dismiss Count VI with prejudice as to CSI.

IT IS ORDERED that

1. Defendant Court Services, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Direct Claim Against it for False Imprisonment (Doc. 155) is granted;

2. summary judgment will be entered in CSI's favor on Count VI; and

3. Count VI will be dismissed with prejudice as to CSI.

_____
UNITED STATES DISTRICT JUDGE