IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

    Plaintiff,

vs.                                                         Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.; and
ALBERT PRESTON LONG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Court Services, Inc.'s Motion for Summary Judgment on Plaintiff's Claim for Negligent Hiring, Retention, and Supervision (Motion for Summary Judgment). (Doc. 154). Plaintiff filed a response and Defendant Court Services, Inc. (CSI) filed a reply. (Docs. 165 and 171). Having reviewed the Motion for Summary Judgment, the accompanying briefs, and the evidence of record, the Court denies the Motion for Summary Judgment.

*A. Plaintiff's Third Amended Complaint for Declaratory Judgment and Damages (Third Amended Complaint) (Doc. 123) and Undisputed Material Facts*

This is a civil rights complaint based on the assault and false imprisonment of Plaintiff by Defendant Albert Preston Long.[1] In January 2009, Plaintiff was being held at a Tennessee detention center on an outstanding warrant from Lincoln County, New Mexico. (Doc. 123) at ¶ 7. The Lincoln County Sheriff contracted with CSI, a Nevada corporation which was authorized

---

[1] The Clerk of the Court entered a default against Defendant Long on June 12, 2012. (Doc. 126). On August 19, 2014, the Court denied Plaintiff's Motion for Default Judgment without prejudice. (Doc. 177).

to do business in California, to transport Plaintiff from Tennessee to New Mexico. *Id.* at ¶¶ 2 and 8.

CSI assigned its employee, Long, to transport Plaintiff to New Mexico. *Id.* at ¶ 9. *See also* (Doc. 163-1) at 29 (Long operated under authority of CSI). Because CSI had been in a "time crunch," CSI did not require Long to fill out an employment application. (Doc. 163-1) at 27. Eric Kindley, the director and senior agent at CSI, also did not recall asking Long if he had any prior criminal convictions. *Id.* at 26. CSI has a policy of not hiring applicants with a felony conviction, but at the time CSI hired Long, CSI did not have a procedure in place to determine whether an applicant had a prior criminal conviction. *Id.* at 18-19. Kindley also admitted that he has some concerns about male employees transporting female prisoners. *Id.* at 45. Had CSI conducted a pre-employment criminal background check on Long, CSI would have discovered that Long had been convicted of complicity and robbery. (Doc. 152-1) at 3; (Doc. 152-2) at 3. Long was also apparently charged at some point with two offenses of having a weapon under a disability. (Doc. 152-2) at 2-3.

Long picked up Plaintiff in Tennessee in a vehicle owned and operated by CSI. (Doc. 123) at ¶ 10. *See also* (Doc. 163-1) at 1 (CSI owned vehicles used by employees). Long, thereafter, failed to secure Plaintiff in correctional facilities at night, as is the normal procedure, and instead took Plaintiff to hotels in Kentucky where he "threatened, battered and raped her." (Doc. 123) at ¶ 11. *See also* (Doc. 152-3) at 5 (incident in Kentucky); (Doc. 152-4) at 3 (incident in Kentucky). After learning of Long's actions, CSI terminated Long's employment. (Doc. 152-1) at 6.

Plaintiff invokes this Court's diversity jurisdiction in pleading the remaining five counts in her Third Amended Complaint.[2] (Doc. 123) at ¶ 6. In Count II, Plaintiff alleges that CSI violated her Eighth and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983. In Count III, Plaintiff maintains that Long intentionally inflicted emotional distress on Plaintiff. In Count IV, Plaintiff contends that CSI negligently hired, retained, and supervised Long. In Count V, Plaintiff alleges that CSI is negligent *per se*. In Count VI, Plaintiff asserts that Long falsely imprisoned Plaintiff.

B. *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by

---

[2]The Court has already dismissed all of Plaintiff's claims against Defendant CSI Extradition, LLC and dismissed Count I in its entirety. (Doc. 181). The Court has also dismissed Count VI as to CSI. (Doc. 185).

[3]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

## C. Discussion

### 1. Choice of Law

Because Plaintiff brings this lawsuit under diversity jurisdiction, the Court must apply the choice of law rules of the forum state, New Mexico. *See BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999). In New Mexico, courts apply "the law of the state in which the wrongful conduct occurred." *Torres v. State*, 1995-NMSC-025 ¶ 13, 119 N.M. 609. "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'" *Id.* (citation omitted). Courts will not use this rule, however, if its application would violate New Mexico public policy. *Id.*

In this case, Long harmed Plaintiff in Kentucky, so Kentucky law should apply. *See Baker v. Booz Allen Hamilton, Inc.*, 358 Fed. Appx. 476, 480-81 (4th Cir. 2009) (in negligent hiring, retention and supervision case, court applied law where plaintiff was assaulted). Also, application of Kentucky law will not violate any New Mexico public policy. Consequently, the Court will apply Kentucky law to the state law claims.

### 2. Count IV: The Negligent Hiring, Retention, and Supervision Claim Against CSI

CSI argues that the Court should enter summary judgment on the Count IV negligent hiring, retention, and supervision claim because Plaintiff cannot establish that CSI breached a duty which proximately caused Plaintiff's injuries. Plaintiff contests that argument.

Whether a plaintiff pursues a theory of negligent hiring, retention, or supervision, a plaintiff must establish a duty, breach of duty, and a resulting or proximately caused injury. *Cooper v. Unthank*, 2009 WL 3320924 *2 (Ky. App.). In evaluating the existence of duty, the Kentucky courts have held that "the scope of that duty is limited by the rule that the risk of injury must be reasonably foreseeable." *Id.* at *4. In addition, proximate cause includes cause-in-fact and consequential causation elements. *Harlan v. G.C. Williams Funeral Home, Inc.*, 2008 WL 3165733 *2 (Ky. App.). "Cause-in-fact involves the factual change of events leading to the injury; whereas consequential causation concerns the concepts of foreseeability and the public policy consideration on limiting the scope of responsibility for damages." *Id.* In cases where there is an intervening criminal act, an employer can still be liable for its negligent acts if "the criminal act is a reasonably foreseeable consequence of the defendant's negligent act." *Id.* at *4. "Generally, duty presents a question of law, while breach and injury are questions of fact for the jury to decide." *Cooper*, 2009 WL 3320924 at *2.

To demonstrate a negligent hiring and retention claim in Kentucky, a plaintiff must show that the employer "knew, or reasonably should have known, that (1) [the employee] was unfit for the job for which he was employed, and (2)" that the employee's "placement or retention in that job created an unreasonable risk of harm to [others]." *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. App. 1998). In other words, an employer has a duty to reasonably investigate whether an employee would be dangerously unsuitable for the kind of employment the employee is to be engaged in. *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 735 (Ky. 2009). The scope of that investigation is "directly related to the severity of risk third parties are subjected to by [the] employer." *Id.* (internal quotation marks and citation omitted). Similar to negligent hiring and retention, negligent supervision occurs when an employer "knew or had reason to

know of the risk that the employment created." *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 291 (Ky. App. 2009). The employer, therefore, has a duty to adequately supervise an employee if the employer can reasonably foresee a risk of harm to a third party without that supervision. *See American Nat. Property and Cas. Co., Encompass Ins. Co. v. M.M.*, 2010 WL 3341501 *3 (W.D. Ky. 2010) (citing *K.M.R. v. Foremost Ins. Group,* 171 S.W.3d 751, 752 (Ky. App. 2005) (referring to "adequate supervision" in context of negligent supervision claim)).

  CSI does not argue that it did not have a duty to conduct a reasonable investigation into Long's criminal background before hiring him nor does CSI argue that the scope of that investigation should not have included a criminal background check. CSI also does not argue that it did not have a duty to adequately supervise Long's transportation of female prisoners. Instead, CSI argues that "Plaintiff cannot establish that CSI breached any duty in hiring, retaining, and/or supervising Long because there is no genuine issue of material fact as to whether CSI 'knew or should have foreseen' that Long would sexually assault Plaintiff." (Doc. 154) at 10. This argument, however, more appropriately addresses whether CSI's actions proximately caused Plaintiff's injuries, not whether CSI breached any of the aforementioned duties. In fact, a reasonable jury, viewing the evidence in the light most favorable to Plaintiff, could find that CSI breached its duty to conduct a reasonable investigation into Long's criminal background prior to hiring him and that CSI breached its duty to adequately supervise Long's transportation of female prisoners.

  With respect to the cause-in-fact element of proximate cause, it is undisputed that CSI would not have hired Long if it had conducted a criminal background check on Long. Additionally, a reasonable jury could infer that Long would not have harmed Plaintiff if CSI had

adequately supervised Long.  Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could, therefore, find that CSI's breach of its duty to reasonably investigate Long's criminal background and CSI's failure to adequately supervise Long caused-in-fact Plaintiff's injuries.

The next proximate cause issue is whether CSI's inactions consequentially caused Plaintiff's injuries.  In other words, was Long's sexual assault of Plaintiff a reasonably foreseeable consequence of CSI's inactions.  Although nothing in Long's past indicates a propensity to assault women, it is undisputed that Kindley had some concerns about male employees transporting female prisoners.  Viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could find that Long's sexual assault of Plaintiff was a reasonably foreseeable consequence of CSI's inactions.  CSI's Motion for Summary Judgment is, therefore, denied.

IT IS ORDERED that Defendant Court Services, Inc.'s Motion for Summary Judgment on Plaintiff's Claim for Negligent Hiring, Retention, and Supervision (Doc. 154) is denied.

_____
UNITED STATES DISTRICT JUDGE