IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGAN MARIE MAYS,

    Plaintiff,

vs.                                            Civ. No. 09-662 KG/KBM

COURT SERVICES, INC.; and
ALBERT PRESTON LONG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Court Services, Inc.'s Motion for Summary Judgment on Plaintiff's Claims for Punitive Damages (Motion for Summary Judgment). (Doc. 153). Plaintiff filed a response, but Defendant Court Services, Inc. (CSI) did not file a reply. (Doc. 164). Having reviewed the Motion for Summary Judgment, the accompanying briefs, and the evidence of record, the Court denies the Motion for Summary Judgment.

*A. Plaintiff's Third Amended Complaint for Declaratory Judgment and Damages (Third Amended Complaint) (Doc. 123) and Undisputed Material Facts*

This is a civil rights complaint based on the assault and false imprisonment of Plaintiff by Defendant Albert Preston Long.[1] In January 2009, Plaintiff was being held at a Tennessee detention center on an outstanding warrant from Lincoln County, New Mexico. (Doc. 123) at ¶ 7. The Lincoln County Sheriff contracted with CSI, a Nevada corporation which was authorized

---

[1] The Clerk of the Court entered a default against Defendant Long on June 12, 2012. (Doc. 126). On August 19, 2014, the Court denied Plaintiff's Motion for Default Judgment without prejudice. (Doc. 177).

to do business in California, to transport Plaintiff from Tennessee to New Mexico.  *Id.* at ¶¶ 2 and 8.

CSI assigned its employee, Long, to transport Plaintiff to New Mexico.  *Id.* at ¶ 9.  *See also* (Doc. 163-1) at 29 (Long operated under authority of CSI).  Because CSI had been in a "time crunch," CSI did not require Long to fill out an employment application.  (Doc. 163-1) at 27.  Eric Kindley, the director and senior agent at CSI, also did not recall asking Long if he had any prior criminal convictions.  *Id.* at 26.  CSI has a policy of not hiring applicants with a felony conviction, but at the time CSI hired Long, CSI did not have a procedure in place to determine whether an applicant had a prior criminal conviction.  *Id.* at 18-19.  Kindley also admitted that he has some concerns about male employees transporting female prisoners.  *Id.* at 45.  Had CSI conducted a pre-employment criminal background check on Long, CSI would have discovered that Long had been convicted of complicity and robbery.  (Doc. 152-1) at 3; (Doc. 152-2) at 3.  Long was also apparently charged at some point with two offenses of having a weapon under a disability.  (Doc. 152-2) at 2-3.

Long picked up Plaintiff in Tennessee in a vehicle owned and operated by CSI.  (Doc. 123) at ¶ 10.  *See also* (Doc. 163-1) at 1 (CSI owned vehicles used by employees).  Long, thereafter, failed to secure Plaintiff in correctional facilities at night, as is the normal procedure, and instead took Plaintiff to hotels in Kentucky where he "threatened, battered and raped her."  (Doc. 123) at ¶ 11.  *See also* (Doc. 152-3) at 5 (incident in Kentucky); (Doc. 152-4) at 3 (incident in Kentucky).  After learning of Long's actions, CSI terminated Long's employment.  (Doc. 152-1) at 6.

Plaintiff invokes this Court's diversity jurisdiction in pleading the remaining five counts in her Third Amended Complaint.[2] (Doc. 123) at ¶ 6. In Count II, Plaintiff alleges that CSI violated her Eighth and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983. In Count III, Plaintiff maintains that Long intentionally inflicted emotional distress on Plaintiff. In Count IV, Plaintiff contends that CSI negligently hired, retained, and supervised Long. In Count V, Plaintiff alleges that CSI is negligent *per se*. In Count VI, Plaintiff asserts that Long falsely imprisoned Plaintiff. Plaintiff seeks punitive damages against CSI under Counts II, IV, and V. *Id*. at ¶¶ 22, 34, and 41.

B. *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by

---

[2]The Court has already dismissed all of Plaintiff's claims against Defendant CSI Extradition, LLC and dismissed Count I in its entirety. (Doc. 181). The Court has also dismissed Count VI as to CSI. (Doc. 185).

[3]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C. Discussion

    1. *Choice of Law*

Because Plaintiff brings this lawsuit under diversity jurisdiction, the Court must apply the choice of law rules of the forum state, New Mexico. *See BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999). In New Mexico, courts apply "the law of the state in which the wrongful conduct occurred." *Torres v. State*, 1995-NMSC-025 ¶ 13, 119 N.M. 609. "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'" *Id.* (citation omitted). Courts will not use this rule, however, if its application would violate New Mexico public policy. *Id.* There is no reason to believe that these same choice of law rules would not apply to claims for punitive damages as well. *See Restatement (First) of Conflict of Laws* § 421 (1934) ("exemplary damages [are] determined by the law of the place of wrong."). Moreover, Plaintiff does not object to applying the "place of the wrong" rule to the punitive damages claims.

In this case, Long harmed Plaintiff in Kentucky, so Kentucky law should apply. Also, application of Kentucky law will not violate any New Mexico public policy. Consequently, the Court will apply Kentucky law to the state law claims.

    2. *Punitive Damages Claims Against CSI*

CSI argues that it is entitled to summary judgment on the punitive damages claims arising under Section 1983 (Count II) and Kentucky state law (Counts IV and V). Plaintiff contests that argument.

### a. Count II: Punitive Damages Claim Arising Under Section 1983

A plaintiff can recover punitive damages under Section 1983 only if the plaintiff shows that the defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (internal quotation marks and citation omitted). Unlike evil motive or intent, reckless or callous indifference does not require an intent to harm. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493 (2008) ("Reckless conduct is not intentional or malicious…."). Recklessness can occur in two situations: (1) when an "actor knows, or has reason to know … of facts which create a high degree of risk of … harm to another and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk;" and (2) an "actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so." *Restatement (Second) of Torts* § 500 cmt. a (1965) (quoted in *Exxon Shipping Co.*, 554 U.S. at 493-94).

CSI argues that it did not know that its acts or omissions would harm Plaintiff and that it did not intend to harm Plaintiff. (Doc. 153) at 10. The Court agrees that a failure to subjectively be aware that one's actions or omissions would harm someone does not support an award of punitive damages under the "evil motive or intent" component of the Section 1983 punitive damages standard. However, there is sufficient evidence from which a reasonable jury could infer that CSI was recklessly indifferent to Plaintiff's federally protected rights. For example, a reasonably jury could infer from the undisputed facts that CSI had reason to know that allowing a male employee, with no criminal background check, to accompany a female prisoner without supervision could create a high degree of risk of harm to that prisoner. Moreover, a reasonable

jury could infer from the undisputed facts that a reasonable person in CSI's position would have realized or appreciated the high degree of risk involved in allowing a male employee, with no criminal background check, to accompany a female prisoner without supervision.  The Court will, therefore, not grant summary judgment on the punitive damages claim arising under Section 1983.

### b. Counts IV and V:  Punitive Damages Claims Arising Under Kentucky State Law

CSI relies on Ky. Rev. Stat. Ann. § 411.184(2) (West 1988) to establish when plaintiffs can recover punitive damages under Kentucky state law.  Section 411.184(2) states:  "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice."  The Kentucky Supreme Court, however, has held that the malice subjective awareness standard is unconstitutional. *Williams v. Wilson*, 972 S.W.2d 260, 269 (Ky. 1998).  Instead of demonstrating malice, a plaintiff need only show gross negligence to recover punitive damages.  *Kinney v. Butcher*, 131 S.W.3d 357, 358-59 (Ky. App. 2004).  Kentucky courts define gross negligence as "wanton or reckless disregard for the safety of other persons." *Id.* at 359 (internal quotation marks and citation omitted).

Contrary to Kentucky law, CSI argues that it is entitled to summary judgment on the punitive damages claims arising under Kentucky state law because Plaintiff cannot establish that CSI "subjectively knew" or intended that is acts or omissions would cause injury to Plaintiff. (Doc. 153) at 7.  This argument simply fails as a matter of Kentucky law.  Moreover, as discussed, *supra*, a reasonable jury could find that CSI recklessly disregarded Plaintiff's safety when it assigned Long to transport Plaintiff.  Consequently, the Court will not enter summary judgment on the punitive damages claims arising under Kentucky state law.

IT IS ORDERED that Defendant Court Services, Inc.'s Motion for Summary Judgment on Plaintiff's Claims for Punitive Damages (Doc. 153) is denied.

_____
UNITED STATES DISTRICT JUDGE